UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
         v.                         )    Criminal No. 13-305-3 (ESH)
                                    )
BRUCE SETTLES,                      )
also known as "Spoon"               )
                      Defendant.    )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant Bruce Settles, along with twenty-two others, has been charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five hundred grams or more of cocaine, and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846, crimes punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on November 26, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Dec. 3, 2013 [ECF No. 66].) At the conclusion of the hearing, the Magistrate Judge ruled that defendant Settles should be held pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 6.) Settles thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Def.'s Mot. to Modify Conditions of Release ("Mot."), Dec. 11, 2013 [ECF No. 60]; Gov't's Omnibus Opp. to the Defs.' Mot. for Review and Revocation of Det. Orders ("Opp."), Dec. 13, 2013 [ECF No. 86].) This Court held a hearing on the motion on December 20, 2013. For the reasons stated in open court, as well as the reasons set forth herein, the Court will deny this motion.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that Settles has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor defendant Settles' continued detention. The indictment demonstrates probable cause that Settles participated in a large-scale narcotics conspiracy. Moreover, the evidence overwhelmingly indicates that Settles prepared and sold large quantities of narcotics acquired from co-defendant Juan Floyd. During the course of its investigation, law enforcement recorded one hundred and thirty-six pertinent phone conversations between Floyd and Settles on court-authorized wiretaps. The government proffers that during these conversations, Settles and Floyd discussed the preparation and quality of narcotics using coded language. (*See* Det. Mem. at 3.) When law enforcement searched Settles' residence on November 20, 2013, they found large quantities of heroin and cocaine as well as a significant quantity of paraphernalia used for the preparation and sale of narcotics. (*Id.*)

*Second*, the weight of the evidence favors continued detention. Though Settles is unemployed and admits to being a drug user, he alleges that he is not a "large-scale distributor" and therefore should not be detained pending further proceedings (Mot. at 2.) The evidence, however, tells a different story. Though no money was found in Settles' home, law enforcement found (1) just over 970 grams of substances reasonably believed to be heroin; (2) just over 84 grams of a white powder-substance reasonably believed to be cocaine; and (3) a significant quantity of drug paraphernalia used for the preparation and sale of narcotics including different colored ziplock bags, a white mask, scissors, spoon, two digital scales, a food processor, straws, and a white bottle labeled "dNature Manitol powder." (Det Mem. at 3). The sheer quantity of narcotics along with tools used in the preparation of narcotics for sale demonstrates that Settles was more than a mere drug user. In addition, conversations between Settles and co-defendant Juan Floyd recorded on government wiretaps further indicate that Settles likely played a significant and active role in Floyd's narcotics enterprise by preparing narcotics, re-selling them,

3

and permitting his home to be used as a stash house. (*Id.*). Together these facts strongly support Magistrate Judge Kay's finding that "[t]he evidence weighs against the defendant, and favors detention." (*Id.* at 5.)

*Third*, the history and characteristics of the defendant support his continued detention. Though his most recent conviction is more than ten years old, Settles has a history of distributing narcotics, including three felony drug convictions for the attempted distribution of heroin. (*Id.*) As Magistrate Judge Kay found, this constitutes a "recurring return to the drug trade" and "favor[s] detention." (*Id.*) Moreover, Settles' lengthy criminal record, even if dated, also includes a felony Bail Reform Act violation, a theft, a robbery, and an escape.

*Fourth*, defendant's potential danger to the community favors his continued detention. As Magistrate Judge Kay explained, "[t]he danger of heroin and other narcotics cannot be overstated. Mr. Settles appears to have been a significant contributor to the criminal conspiracy alleged here, in his role as distributor and middle-man . . . . " (Det Mem. 6.) This Court agrees. Based on the significant quantity of narcotics and related paraphernalia found in Settles' residence as well as his repeated convictions for the attempted sale of narcotics, the Court finds that the defendant has not overcome the rebuttable presumption that he would not present a danger to the community if released pending further proceedings.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in custody of the Attorney General for confinement pending trial.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 26, 2013